

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

February 12, 1962

Honorable Vernon D. Adcock
County Attorney
Dawson County
P. O. Box 359
Lamesa, Texas

Opinion No. WW-1259

Re: Liability of non-profit
hospital auxiliary to
collect and report the
sales tax on sale of
cold drinks etc., the
profits from such sales
being used for charitable
purpose.

Dear Mr. Adcock:

You have asked whether or not a non-profit hospital auxiliary is required to collect and report the sales tax on the sale of cold drinks, candy, cake and sandwiches, sold from a concession counter in the county owned hospital, the profits from such sale being used to carry on their charitable work. We assume that no part of the net earnings of this organization inures to the benefit of any private shareholder or individual.

The Limited Sales, Excise and Use Tax Act was enacted by the 57th Legislature, First Called Session, as Article I, H. B. No. 20, Chapter 24, page 71, to be codified as Articles 20.01 to 20.17, inclusive, Chapter 20, Title 122A, Taxation-General, V.C.S.

Article 20.02 of the Act reads in part as follows:

> "There is hereby imposed upon each separate sale at retail of tangible personal property made within this State a limited sales tax at the rate of two per cent (2%) of the sale price of each item or article of tangible personal property when sold at retail in this State.

> "(A) Method of Collection and Rate of Limited Sales Tax. <u>The tax hereby imposed shall be collected by the retailer from the consumer</u>.

> ". . . ." /Emphasis added./

A "Retailer" is defined in paragraph (J) (1) (a) of Article 20.01, which reads in part as follows:

"Every seller engaged in the business
of making sales of tangible personal
property for storage, use or other con-
sumption. . . ."

A "Sale" is defined in paragraph (K) of Article 20.01,
which reads in part as follows:

"(1)  'Sale' means and includes any
transfer of title or possession,. . .
of tangible personal property for a con-
sideration.

"(2)  'Sale' includes:

". . .

"(c)  The furnishing, preparing or
serving of food, meals, or drinks.

". . . ."

Paragraph (F) of Article 20.04 reads in part as follows:

"There are exempted from the computation
of the amount of the taxes imposed by this
Chapter, the receipts from the sale. . .
of any tangible personal property to. . .

". . .

"(5)  Any organization created for. . .
charitable. . .purposes, provided
no part of the earnings of any such
organization inures to the benefit
of any private shareholder or
individual."

The purpose for which the profits from the sales are to
be used is not the factor under the act which determines whether
or not the tax must be collected.

The tax imposed by the Limited Sales, Excise and Use Tax
Act is imposed on the purchaser. While your letter does not
state who the purchasers are, we assume they would be classified
as the "general public." Since such a classification carries
no exemption from the act, the purchasers would be required to
pay the tax. The organization, acting as the "Retailer", would
be required to collect the tax, using the bracket system found
in Article 20.02, and to make the quarterly reports to the
Comptroller provided for in Article 20.05.

We do not have sufficient information to determine whether or not the auxiliary is such a charitable organization, as is referred to in paragraph (F) (5) of Article 20.04. But even if we assume that it is, the exemption from the tax is for sales to the charitable organization, that is, when the organization is the purchaser.

We hold, therefore, that the hospital auxiliary, which operates a concession stand in the county owned hospital, selling cold drinks, candy, cake and sandwiches to the general public, is required to collect the sales tax from its customers in accordance with Article 20.02 of the Limited Sales, Excise and Use Tax Act, and to make reports to the Comptroller in accordance with Article 20.05 of said Act.

## S U M M A R Y

A non-profit hospital auxiliary, which operates a concession stand in a county owned hospital, selling cold drinks, candy, cake and sandwiches to the general public, is required to collect the sales tax from its customers, as provided by Article 20.02, and make reports to the Comptroller as provided by Article 20.05, of the Limited Sales, Excise and Use Tax Act, (Articles 20.01 to 20.17, inclusive, Chapter 20, Title 122A, Taxation-General, V.C.S.).

Yours very truly,

WILL WILSON
Attorney General of Texas

By:          Riley Eugene Fletcher
             Assistant

REF/cm

APPROVED:
OPINION COMMITTEE:
W. V. Geppert, Chairman

Vernon Teofan
Tom McFarling
Harry P. Hewell
Dudley McCalla
Bill Robison

REVIEWED FOR THE ATTORNEY GENERAL
By: Houghton Brownlee, Jr.